| 212 | 289 |
|---|---|
| d 32 SC ³ | 3 |

| 212 | 289 |
|---|---|
| d 36 SC | 381 |

</div>

## Commonwealth *v.* Kebort, Appellant.

*Constitutional law—Title of statute—Adulteration of food—Drink.*

The Act of June 26, 1895, P. L. 317, entitled, "An act to provide against the adulteration of food, and providing for the enforcement thereof," which states in section 2 of said act that "the term food, as used herein, shall include all articles used as food or drink by man, whether simple, mixed or compound," is unconstitutional as applied to drink, and violates the provision of sec. 3, art. III of the constitution of Pennsylvania, relating to the title of statutes.

The right of the legislature to define the terms it uses is beyond question and the meaning it so attaches is mandatory upon the courts in the construction of the statute. But where such meaning is given to the words describing the subject of the act, and is not that which attaches to them in the common understanding, the constitution requires that the title shall express such special meaning with at least sufficient clearness to put readers on inquiry as to the full provisions.

The words food and drink in common usage and understanding are complementary and associate terms, denoting the two prime necessities of life, but they are so far from synonymous that they import a plain and fundamental distinction, as universal as language and as old as the human race. No tongue is so primitive that it lacks different words to indicate them and different words to express the sensations of want of them, as hunger and thirst.

The adulteration of drink is nowhere made an offense in the Act of June 26, 1895, P. L. 317.

Argued April 24, 1905. Appeal, No. 351, Jan. T., 1904, by defendant, from judgment of Superior Ct., April T., 1905, No. 134, reversing order of Q. S. Crawford Co., Feb. T., 1904, No. 35, arresting judgment in case of Commonwealth v. F. J. Kebort and Nick Kebort. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and ELKIN, JJ. Reversed.

Appeal from the Superior Court.   See. 26 Pa. Superior Ct. 584.

The opinion of the Supreme Court states the case.

*Error assigned* was the judgment of the Superior Court.

*Wesley B. Best* and *Thomas J. Prather*, with them *Otto Stolz* and *Julius Byles*, for appellant.— The sense given to particular words by our great lexicographers is always entitled to weight, yet where the word is used in an act of assembly regard must be had to the circumstances surrounding its use: Penna. R. R. Co. v. Price, 96 Pa. 256.

Words not used in a technical sense nor as words of art are presumed to have been used in their known sense: Garman v. Potts, 135 Pa. 506.

*A. H. Woodward*, with him *George W. Haskins* and *John O. McClintock*, for appellee.—The word " food " is not a term of art or science.   It has no technical meaning.   It has no exact and definite meaning in the law signifying the same thing under all circumstances.   It changes, embracing more or less according to various social and racial habits.   The lexicographers do not pretend to give it a precise and unvarying definition, and by no two is it defined exactly alike. It has many synonyms.   Manifestly, therefore, it is a word which when used in an act of assembly, the legislature has the right to define, yea more, in order to prevent uncertainty, should define.   And when the definition there given makes the term to embrace what custom and social habit has recognized as a food, the legislature is well within its power and no constitutional inhibition can be invoked.   The effort to declare this law unconstitutional on the ground of title is simply an effort to impale useful and beneficial legislation on the horns of sharp criticism, which this court has repeatedly declared it would not countenance: Mauch Chunk v. McGee, 81 Pa. 433; Blood v. Merceliott, 53 Pa. 391; Allegheny County Home's App., 77 Pa. 77.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 24, 1905 :
The appellants, who are licensed liquor dealers, were in-

dicted under the Act of June 26, 1895, P. L. 317, for selling a bottle of blackberry wine, which was adulterated within the meaning of the statute. The title of the act is " an Act to provide against the adulteration of food, and providing for the enforcement thereof." Section 2, enacts that " the term ' food ' as used herein shall include all articles used for food or drink by man whether simple, mixed or compound." The first question before us is whether that section can be sustained as to drink, under the constitutional requirement that the subject of the act shall be clearly expressed in the title. The right of the legislature to define the terms it uses is beyond question and the meaning it so attaches is mandatory upon the courts in the construction of the statute. But where such meaning is given to the words describing the subject of the act, and is not that which attaches to them in the common understanding, the constitution requires that the title shall express such special meaning with at least sufficient clearness to put readers on inquiry as to the full provisions.

As to drink, this act plainly fails to meet this requirement. It is a penal act creating an arbitrary and artificial crime, without reference to criminal intent, and must receive a strict construction with due regard to the popular comprehension. The words food and drink in common usage and understanding are complementary and associate terms, denoting the two prime necessities of life, but they are so far from synonymous that they import a plain and fundamental distinction, as universal as language and as old as the human race. No tongue is so primitive that it lacks different words to indicate them and different words to express the sensations of want of them, as hunger and thirst.

The object of the constitutional requirement as to the title is " that legislators and others interested shall receive direct notice, in immediate connection with the act itself, of its subject so that they may know or be put upon inquiry as to its provisions and their effect : " Com. ex rel. v. Samuels, 163 Pa. 283. Legislation on the subject of drink, in the form of intoxicating liquors has been frequent and continuous from the provincial days, and there was on the statute books when this act was passed, an elaborate system of license, etc., in regard to it. No liquor dealer, as the appellants are, having a.

wakeful eye to the strict regulations of his business by the other statutes, would suppose he was to be affected by a new act with a title indicating food as its only subject. Nor is it reasonable to suppose that his representative in the legislature so intended. The act is clearly unconstitutional as far as it assumes to apply to drink.

The act was under consideration in Com. v. Kevin, 202 Pa. 23, but from an entirely different view. The point then decided was that the words "poisonous or injurious to the health" used in subclause 7 of sec. 3, referred to the ingredients used in the adulteration. "It is not the quantity but the nature of the substance added," said our Brother MESTREZAT, "which the act prohibits. . . . The terms of the clause declare against a compound that is formed by the addition of a poisonous or injurious ingredient, and not against a compound that is poisonous or injurious to health." None of the questions in the present case was raised or considered in that.

There is another objection which though not so far-reaching is equally fatal to the conviction in the present case. What appellants were charged with doing is nowhere made an offense in the statute. After extending in section 2 the meaning of the word "food" the act immediately returns to the general distinction between food and drink. Section 3 enacts, "an article shall be deemed to be adulterated within the meaning of this act:

(a) In the case of food: 1. If any substance or substances have been mixed with it so as to lower or depreciate or injuriously affect its quality, strength or purity," and so on under seven different descriptions or methods of adulteration, all subclauses under the general heading "(a) In the case of food." This first head naturally implies that there is to be a second one, "(b) In the case of drink," or some similar division, but there is none. The act, after bringing food and drink together under one definition, in section 2, returns in section 3 to the distinction commonly understood; makes full provision as to food as a separate subject, and then stops short without any provision as to drink. It is apparent that the act either was left incomplete by its draughtsman, or the part relating to drink was cut out in its passage and its place not supplied. What-

ever be the reason, the act fails to create any such offense as appellants are charged with.

Other assignments of error cover objections to the act as violating art. III, sec. 15 of the constitution because diverting money from the state treasury without a specific appropriation ; also art. IV, Sec. 19, as curtailing the constitutional powers of the secretary of internal affairs ; and art. III, sec. 27 prohibiting the creation of any state office for the inspection, etc., of any commodity. As the assignments already considered fully dispose of this case, we express no opinion on the others.

The judgment of the Superior Court is reversed, and the order of the Quarter Sessions of Crawford County arresting judgment on the indictment is affirmed.