Commonwealth ex rel. *v.* Broad Street Rapid Transit Street Railway Company, Appellant.

219        11
35 SC 582
36 SC 584
219        11
39SC⁵458

*Street railways—Use of streets—Broad street in Philadelphia—Acts of March 23, 1866, P. L. 299—March 27, 1873, P. L. 435 and June 7, 1901, P. L. 514—Statutes—Repeal of statutes.*

The Act of March 23, 1866, P. L. 299, prohibiting the laying of any railroad or railway tracks on Broad street in the city of Philadelphia, was repealed by the Act of June 7, 1901, P. L. 514.

The Act of March 27, 1873, P. L. 435, which provided that in consideration of the surrender by the Thirteenth and Fifteenth Streets Railway Company of its claims on Broad street, no franchise

should be granted thereafter to any street railway company to lay tracks on Broad street, or upon Thirteenth or Fifteenth streets, was repealed by the Act of June 7, 1901, P. L. 514. The legislature could not by the act of 1873, grant away the state's rights of eminent domain so as to bind future legislatures.

When the Act of June 7, 1901, P. L. 514, opened Broad street to occupation by "any railway corporation chartered under this act, or by any company which had abandoned or discontinued the use thereof," the Thirteenth and Fifteenth Street Railway Company had no superior right to the street, and the privilege of using it was open to all on equal terms, and prior action secured prior right.

*Constitutional law—Title of statute—Street railways—Act of June 7, 1901, P. L. 514.*

The Act of June 7, 1901, P. L. 514, amending prior acts relating to street railway companies is sufficiently comprehensive in its title to cover the provisions in the act by which the Act of March 23, 1866, P. L. 299, prohibiting the laying of railway tracks on Broad street in Philadelphia, is repealed.

The title of an act need not be, and ought not to be, a complete index of its contents.

Argued April 1, 1907. Appeal, No. 19, Jan. T., 1907, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1905, No. 1,035, on verdict for plaintiff in case of Commonwealth ex rel. Hampton L. Carson, Attorney General, v. Broad Street Rapid Transit Street Railway Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Quo warranto to determine the right of the defendant to lay tracks on Broad street in the city of Philadelphia.

From the record it appeared that the defendant company was incorporated immediately after the passage of the Act of June 7, 1901, P. L. 514, for the purpose of constructing a surface railway on Broad street in the city of Philadelphia. Its right to construct the road was immediately challenged by a bill in equity filed by the Thirteenth and Fifteenth Street Passenger Railway Company which claimed that under the Acts of March 23, 1866, P. L. 299, and March 27, 1873, P. L. 435, it had a contract with the commonwealth which prohibited the occupation of Broad street by any other company. The bill was dismissed, and an appeal was taken to the Su-

preme Court. Subsequently the attorney general filed a suggestion for quo warranto, and the case came on to be heard before Brégy, J.

The court entered a judgment of ouster.

*Error assigned* was in entering judgment of ouster.

*Ellis Ames Ballard* and *John G. Johnson*, with them *E. O. Michener*, for appellant.—This case is ruled by In re Opening of Twenty-second Street, 102 Pa. 108. The act of 1873 does not constitute a contract which cannot be broken or cannot be taken : Cooley on Constitutional Limitation, 339 ; In re Opening of Twenty-second Street, 102 Pa. 108 ; Metropolitan City Ry. Co. v. Chicago West Division Ry. Co., 87 Ill. 317.

*M. Hampton Todd*, attorney general, with him *Biddle & Ward*, for appellees.—The Act of June 7, 1901, P. L. 514, does not repeal the Act of March 23, 1866, P. L. 299, as amended by the Act of March 31, 1868, P. L. 535, because if it were intended to do so, it would be unconstitutional, since such a purpose is not clearly expressed in the title : Com. ex rel. v. DeCamp, 177 Pa. 112 ; Uhler v. Moses, 200 Pa. 498 ; Union Pass. Ry. Co.'s App., 81* Pa. 91 ; Ruth's App., 10 W. N. C. 498 ; In re Road in Phœnixville Borough, 109 Pa. 44 ; Quinn v. Cumberland Co., 162 Pa. 55 ; Stegmaier v. Jones, 203 Pa. 47 ; Dailey v. Potter County, 203 Pa. 593 ; House of Refuge v. Luzerne County, 215 Pa. 429.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 25, 1907:

The Act of March 23, 1866, P. L. 299, is entitled "An Act supplementary to an act to incorporate the city of Philadelphia, authorizing the improvement of Broad Street in said City," and after authorizing, empowering and requiring the city of Philadelphia to occupy and appropriate Broad street for its entire length as a public drive, provides (sec. 4) that upon the improvement of the said street, and in consideration of the payment of the cost thereof, by the owners of property abutting thereon, " no person or persons or corporation of any kind, nor the City of Philadelphia, shall at any time hereafter be authorized or empowered to locate, lay, construct or maintain any railroad, or railway tracks or other obstructions prej-

udicial to the uses and purposes aforesaid, along or upon said street or any portion thereof. "

The question in the present case is whether this provision is repealed by the Act of June 7, 1901, P. L. 514. It is conceded by the learned attorney general that it is a question of legislative intention, not of legislative power.

By section 5 of the act of 1901, section 4 of the act of 1889, as amended by the act of 1895 is amended so as to authorize any company incorporated under the act of 1889 to abandon with the consent of the local authorities, any portion of its road, and then to provide that,

(a) "All streets, highways and bridges, or parts thereof, the use and occupation of which is thus abandoned, or which shall be deemed abandoned as hereafter set forth," and

(b) "Any other street, highway, or bridge, or part or parts thereof, the use and occupation of which has heretofore been abandoned or discontinued, " or

(c) " Which is only in temporary use, " or

(d) "Which is not occupied by any railroad because of the prohibition contained in any Act of Assembly or any ordinance of councils, " or

(e) "Because of any contract or agreement by and between any railway and the Commonwealth of Pennsylvania," or

(f) (Any agreement between) "any railway and the local authorities of any city, borough or township, " or

(g) (Any agreement between) " the Commonwealth and any of the citizens thereof," or

(h) "Because of any ordinance of the councils of any city, borough or township, " may " with the consent of the local authorities of such city, borough or township, but not otherwise, be occupied and used by any railway company chartered under this Act or by the company which has abandoned or discontinued the use thereof."

The general scope and intent of this section, heavily beclouded as it is by superfluous verbiage, seem to be to throw open to occupation by new corporations the use of streets not already actually occupied, or covered by valid charter rights of occupation by prior corporations, and to do this by the removal of all impediments in the way of the new corporations, except those arising from the rights of prior companies pro-

tected by the settled policy of the commonwealth not to burden streets with more than one line of railroad. Every other kind of restriction or prohibition by which any street was previously barred or supposed to be barred from occupation is apparently designated and removed by the eight specified classes thrown open by the act. And clauses (d) and (e) are so exactly applicable to the prohibition of the act of 1866 and to the act of 1873 (which will be discussed further on) and so manifestly not directed at any ordinary or frequent state of affairs, that it is impossible to suppose that the restrictions of these acts were not in contemplation of the legislature and intended to be included within the provisions of the act.

The learned judge below gave great weight, and rightly so, to the presumption against repeals by implication, and to repeals of a local or special act by a later act on a general subject. But the presumption is not universally controlling. It is a question of legislative intent. If the act of 1901 had provided that any corporation chartered under it should be authorized with the consent of the municipality, etc., to lay its tracks on any street not actually occupied or authorized to be occupied by a prior corporation, any statute, general or special, ordinance, contract with the commonwealth, or with any municipality or with any other corporation, to the contrary notwithstanding, there could be little question that the present case would come within it. But in effect this is just what the act does, certainly as to the cases coming within any one of the eight specifically enumerated classes. The intent to authorize the occupation of Broad street notwithstanding the act of 1866 is too plain to be disregarded.

The next question is whether the statute is constitutional. Objection is made that if so understood the subject is not expressed in the title, inasmuch as the act of 1866 is a supplement to the act incorporating the city of Philadelphia, and the title to the act of 1901 gives no intimation of any purpose to affect the city's charter or privileges. But it is not indispensable that it should do so. While a later act entitled as an amendment or supplement gives notice without further specification that it may contain anything germane to its principal yet the converse does not follow that it must be so called in order to affect or change or repeal a prior act. The best informed,

most careful and far seeing legislator cannot always foresee every point in the old law which a new one may affect. Hence the usual legislative phrase is that all laws or parts of laws inconsistent with the new enactment are repealed leaving the inconsistencies to be developed by experience and adjusted by the courts. In Sugar Notch Borough, 192 Pa. 349, it was said, "The restrictions of the constitution upon legislation apply to direct legislation, not to the incidental operation of statutes constitutional in themselves upon other subjects than those with which they directly deal." And to the same effect, Stull v. Reber, 215 Pa. 156.

The subject of the act of 1901 compendiously stated is the right of street railway companies to occupy streets, and it is not at all certain that if that had been the full title it would not have been sufficient to cover everything in the act, though of course the intent to repeal the local act of 1866 would not have been so plain. But the legislature dealing with that general subject, and giving notice of its intention to do so by calling the act a supplement to the general act of 1889 on the same subject, was not bound to go into particulars in the title. But in fact it did so by enumerating classes of streets authorized to be occupied in such detail as to indicate as already discussed the general intent to open all streets not already actually occupied, or covered by a valid existing right of occupation. The objection to the title cannot prevail.

It will not be amiss at this point to call the attention of legislators and the draftsmen of statutes to the growing practice of long titles. In the desire to conform to the constitutional requirement that the subject of an act must be clearly expressed in the title it has become quite usual to load the title with details that have no proper place there, and produce certain inconvenience and not improbable danger. Expressio unius exclusio alterius. Titles which mislead are even worse than those which merely fail to inform, and the enumeration of many details always incurs the danger that thereby others which would have seemed cognate and germane may have been meant to be excluded. Instances are not wanting in the legislation of the last few years where the title of an act is longer and more complicated than the act itself, and a point is not beyond proximate expectation where the query may arise whether the

subject of an act can be "clearly" expressed by a title which requires more time and effort to comprehend than the enactment itself. It has always been held that the title of an act need not be a complete index to its contents. The time has come to say that it not only need not but ought not.

This discussion, having considered and decided the points raised by the commonwealth, might properly end the opinion. But the learned attorney general while not adopting in behalf of the state the arguments of the appellant in the other branch of the case, the Thirteenth and Fifteenth Streets Railway Co. v. The Broad Street Rapid Transit Co. has given them a qualified sanction which makes it proper to devote a brief notice to them.

The act of 1866, which is the foundation of all branches of the present controversy, authorized and required the city of Philadelphia to take Broad street for a public drive and upon that being done provided that thereafter no tracks should be placed on that street by any person or corporation. What steps the city of Philadelphia took to get Broad street clear, do not appear.

Antedating the act of 1866 the Thirteenth and Fifteenth Streets Railway Co. claimed a franchise (arising from a merger of the Navy Yard, etc., Co.) to lay tracks on Broad street, and was proceeding to do so when it was enjoined at the suit of the city, and pending an appeal a settlement was made resulting in the passage of the Act of March 26, 1873, P. L. 435, by which the railroad company was authorized to surrender its asserted rights on Broad street, and "in consideration of such surrender, no franchise or privilege to construct a track or tracks or any artificial tramway, for the conveyance of passengers for hire, upon any portion of said Broad Street, or upon Thirteenth or Fifteenth Streets, or other of said company's connections, or to run any cars upon any part of said routes, shall be hereafter granted to any person or persons, or body politic." The company made the surrender by formal agreement with the state lodged with the secretary of the commonwealth at Harrisburg. This is the class of streets specified in clause (e) of the act of 1901 already recited. It would appear that the franchise claimed by the railway company was valid at least until taken by the city under the act

of 1866, and the injunction was therefore erroneously issued: Hestonville, etc., Pass. R. R. Co. v. City of Philadelphia, 89 Pa. 210. But as the compromise was made while the matter was still sub judice and in doubt, the merits of the original question are not now involved.

In addition to the argument of the commonwealth as to the intent and constitutionality of the act of 1901 it is now argued for the railway company that the act of 1873 was a contract with the state which cannot be abrogated. But it is conceded that one legislature cannot grant away the state's right of eminent domain so as to bind future legislatures: In re Opening of Twenty-second Street, 102 Pa. 108.

It is further argued that if the act of 1873 is repealed it is a taking of private property, to wit: a franchise for another private franchise of no higher degree. But no franchise of the Thirteenth and Fifteenth Streets Company on Broad street is taken. It had none. What it formerly had was surrendered, and the consideration was the negative one of being protected from the rivalry of another company on that street. This consideration is taken by eminent domain, but provision is made for compensation. Moreover, what is a higher use is primarily a legislative question, and if the legislature enacts that the positive franchise of laying tracks on a street is superior to the negative one of preventing them from being laid, the courts would hardly be justified in holding such enactment so clearly wrong as to be void.

Lastly, it is urged that if the act of 1873 is repealed then the franchise of the Thirteenth and Fifteenth Streets Company on Broad street was restored and the company had two years to put it in operation before any other company could obtain a new franchise to supersede it. There is a degree of propriety and justice in this claim that appeals strongly to our sense of right. But, unfortunately, the law is not so written. Broad street was barred to railway tracks of any party from 1873 to 1901. The act of 1901 opened the street to occupation by "any railway corporation chartered under this act or by any company which has abandoned or discontinued the use thereof," but it gave no preference, the privilege was open to all on equal terms and prior action secured the prior right.

The judgment of ouster is reversed and the writ is dismissed.