Opinion by
Orlady, J.,
The Indiana County Street Railways Company incorporated under the laws of this commonwealth availed itself of the provisions of the Act of June 1, 1907, P. L. 368, in locating and constructing a street railway which passed through the farm of William M. Daugherty, and being unable to agree with the landowner as to the compensation to be paid by the corporation, a proper bond was filed, the company proceeded by eminent domain proceedings to enter on the land and the resultant damages were finally ascertained before the court and a jury.
Subsequently, Dougherty presented his petition to the court of common pleas for further relief in regard to fencing, etc., as provided by the seventh section of the act, which is as follows: “Whenever the right of way of any street railway company, authorized to exercise the right of eminent domain under this act, shall cross private lands, the court of common pleas of the county in which such lands are situated may? upon petition of the owner of such lands and proof of the necessity thereof, order and decree that the said railway company shall properly fence in the right of way of said company and erect gates at all private ways and farm crossings, and keep said fences and gates in good order and repair; and said court may require a bond, with surety, to be approved by the court, to be filed for faithful compliance with said decree.”
*123 A rule was granted and an answer was filed, in which the necessity for the erection of fences and gates was denied, and further, that the seventh section of the act, under which the proceeding was instituted, was unconstitutional “for the reason that no notice of the provisions of section seven was expressed in its title.” The title is as follows: “A supplement to an act entitled ‘An act to provide for the incorporation and government of street railways in this commonwealth, ’ approved the fourteenth day of May, 1889, authorizing companies chartered under the said act to locate or relocate their lines of railway so that the same may be either in whole or in part on public highways, or in whole or in part on private property; and conferring upon them the right of eminent domain; and providing the method for the assessment of damages for property taken, injured or destroyed; and making them common carriers of certain kinds of freight.” After argument the rule was discharged on the theory that “the title to the act was deficient and failed to give notice of the provisions of the seventh section of the act, and hence that section is unconstitutional.” The next to the last paragraph of the title is as follows: “And providing the method for the assessment of damages for property taken, injured or destroyed” — would reasonably suggest that the whole body of the act should be examined, and in the first section it is provided, “that in all cases, just compensation for all property taken or injured by the construction and operation of the railway and appurtenances shall be made.”
The well-worn objection to a defective title to an act of assembly has been so frequently urged and answered that there should not be any difficulty in finding a direct and cognate relation between the paragraph quoted and the provision relating to that very question as stated in the seventh section.
The defendant company proceeded under this act to acquire its location and could not have been so derelict of duty and business sense as not to examine the act which was to be the life of its corporation, and in the assessment *124 of damages before the viewers, and again on the trial before the jury (as admitted on argument), rightfully contended that the special item of fencing in the railway track could be considered only under the special provision of the seventh section. The change effected by this act in-ascertaining the damages for property taken, injured or destroyed excluded the,element of cost of fencing in the primary assessment, and the paragraph in the -title as quoted above, directed attention to this constituent of the general damages, by giving to the court of common pleas on petition of the owner the right, in the first instance, to decide the necessity for any fencing or gates along the roadbed.
The authority of the -courts to declare statutes unconstitutional is a power of high responsibility and not to be exercised except in cases free from doubt, and all doubt is to be resolved in favor of the constitutionality of a statute, and when a statute is susceptible of two constructions one of which supports the act and gives it effect, and the other renders it unconstitutional and void, the former will be adopted, even though the latter be the more natural interpretation of the language used: Com. v. Mathues, 210 Pa. 391.
The evil of loading the title of an act with details, in the effort to express the subject clearly, was pointed out in Com. v. Broad St. Rapid Transit St. Ry. Co., 219 Pa. 11, by Chief Justice Mitchell, where he says (p. 17), It has always been held that the title of an act need not be a complete index to its contents. The time has come to say that it not only need not but ought not: Page v. Carr, 232 Pa. 371.
As stated by Mr. Justice Elkin in Gilbert’s Est., 227 Pa. 648, “It has been decided over and over again, that the title need not be a general index to the contents of an act, but that it is sufficient if it relates to one general subject no matter how the details, may be multiplied, provided they are subordinate to the general purpose of the act and germane to its provisions” — and by this court in *125 Com. v. Jones, 4 Pa. Superior Ct. 362, “The subject may have but one object, while the measures necessary for the attainment of that object may necessarily embrace many subordinate subjects, differing in their nature and particular effect, yet all contributing to it and comprised within the principal subject. Everything which the nature of the subject of a title reasonably suggests, as necessary or appropriate for the accomplishment of its expressed purpose, is sufficiently indicated by such title.” This section of the act is not in conflict with the constitutional requirements as to sufficiency of the title.
As this was the only reason given for the action of the court in discharging the rule, the judgment is reversed, the record to be remitted with a procedendo to hear and determine whether there is a necessity for the Railroad company to properly fence in its right of way and erect gates, etc., as provided by the seventh section of the act of June 1, 1907.