# Guppy, Appellant, *v.* Moltrup.

*Sales—Contract—Statement of claim—Oral contract over $500 —Practice, C. P.—Act of May 19, 1915, P. L. 543.*

1. The statement of claim in a suit upon an oral contract for a sale of goods in excess of $500, must set forth the facts showing a right to recover under section 4 of the Sales Act of May 19, 1915, P. L. 543.

*Constitutional law—Title—More than one subject—Subject to be clearly expressed in title.*

2. Where the words used in the title of a statute are reasonably capable of more than one meaning, the title does not comply with

the requirements of article III, section 3, of the state Constitution, that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in the title."

3. Setting forth, in the title of a statute, language which is dubious or uncertain is not a compliance with the purpose of the constitutional provision. Its requirement is that the subject shall be clearly expressed in the title, so that any one reading it may at once understand the scope of the act.

*Sales—Contract—Stock of corporation—Choses in action—Act of May 19, 1915, P. L. 543.*

4. Shares of stock in a corporation are choses in action within the scope of section 4 of the Sales Act of May 19, 1915, P. L. 543.

*Constitutional law—Title — Choses in action — Act of May 19, 1915, P. L. 543.*

5. Section 4 of the Sales Act of May 19, 1915, P. L. 543, is unconstitutional in so far as it relates to choses in action.

Argued October 7, 1924. Appeal, No. 103, Oct. T., 1924, by plaintiff, from judgment of C. P. Beaver Co., Sept. T., 1923, No. 154, for defendant on question of law raised by affidavit of defense, in case of Frank H. Guppy *v.* J. T. Moltrup. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit. Affidavit of defense raising question of law. Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*H. H. Swaney,* of *Martin & Swaney,* and *John G. Frazer,* of *Reed, Smith, Shaw & McClay,* with them *William A. McConnel,* for appellant.—The term "goods" as used in the act must be taken in the usual and ordinary meaning of the term, and that does not include "choses in action," by the definition in the act itself: Slaymaker v. Gettysburg Bank, 10 Pa. 373; Peoples Bank v. Kurtz,

99 Pa. 344; Neiler v. Kelly, 69 Pa. 403; Centennial & Memorial Assn. of Valley Forge, 235 Pa. 206; McMullin v. Phillips, 4 Pa. D. & C. 650.

Section 4 of the Sales Act is in violation of article III, section 3, of the Constitution in so far as it relates to choses in action: Com. v. Curry, 4 Pa. Superior Ct. 356; Borough of Phœnixville Road, 109 Pa. 44; Com. v. Kebort, 26 Pa. Superior Ct. 584.

*W. S. Morrison,* of *Hice, Morrison, May & Bradshaw,* for appellee.—Shares of stock are "goods": Dowdel v. Hamm, 2 Watts 61; Reimer's Est., 159 Pa. 212; Mason Heflin Coal Co. v. Currie, 270 Pa. 221; Peoples Bank v. Kurtz, 99 Pa. 344.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1924:

Plaintiff sued to recover $64,260, with interest, because of defendant's refusal to comply with his oral contract to purchase certain shares of corporate stock. To this demand the latter pleaded that the action was within the purview of section 4 of the Uniform Sales Act of May 19, 1915, P. L. 543, and hence no recovery could be had, since the statement of claim did not set forth any of the circumstances which, under that section, would make the contract enforceable, as, in Mason-Heflin Coal Co. v. Currie, 270 Pa. 221, we said was necessary. The court below sustained this contention, entered judgment for defendant, and plaintiff appeals.

Section 4, above referred to, provides that "A contract to sell or a sale of any goods or choses in action of the value of $500 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

In Peoples Bank v. Kurtz, 99 Pa. 344, 349, we held that "shares of stock in a corporation are choses in action." It follows that such stock is necessarily within the scope of the section, and we are thus brought to a consideration of the only question really involved in the appeal.

Article III, section 3, of our state Constitution provides that "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The title to the Uniform Sales Act is "An Act relating to the sale of goods." Standing alone this is but one subject; does it clearly appear, however, that sales of corporate stock are included within that subject, as expressed in the title? It would hardly be contended that the numerous stock brokers, and others buying and selling capital stock in this Commonwealth, would expect to find in "An Act relating to the sale of goods," a provision regulating the sale of such stock. Indeed, counsel for appellee frankly admitted this, but contended that since the word "goods" may and sometimes does include corporate stock, interested parties were put upon notice of this fact, when the bill was pending before the legislature, and hence were required to examine the body of the statute to see what the word meant when used in the title. If we were to hold appellee bound by this admission as to the double meaning of the word "goods," we would be compelled to decide the case against him, for the question of constitutionality is not to be adjudged by determining whether or not the words of a title may be broad enough to include a particular clause of the act, but whether or not the statutory provision is "clearly expressed in the title," so that any one reading it may at once understand the scope of the act.

We said in Union Passenger Ry. Co.'s App., 81* Pa. 91, 94, 95, that "Confiding in the title as applicable to a purpose unobjectionable to the reader, he is led away from an examination of the body of the bill. In such a

case the subject is not *clearly expressed* in the title. Indeed, it is not expressed at all. It may have something colorable in it, but this is merely hinting at the subject, not expressing it......Nothing ambiguous can be said to be clear, and this is a decisive answer to the argument that the title is sufficient to lead to inquiry. An inquiry into a dubious or uncertain thing is not the purpose [of the constitutional provision]. Its requirement is that the subject should be clearly expressed." To the same effect are Provident L. & T. Co. v. Hammond, 230 Pa. 407, 413; Spangler's Est., 281 Pa. 118, and other cases.

We do not decide the appeal upon the admission of counsel, however; entirely aside from it we would reach the same conclusion. Perhaps no better argument can be made, as showing the error lurking in the conclusion of the court below, than to state that, if its position is correct, then "An Act relating to the sale of goods" might be held to clearly include a right to receive or recover a debt, demand, or damages on a cause of action ex contractu, or for a tort connected with contract, and to recover by suit any and all kinds of personalty wrongfully withheld, such as promissory notes, penal or single bills, charter parties, insurance policies, checks, bills of exchange, bonds and mortgages, private and government bonds, and other evidences of indebtedness, for all of them are choses in action. It is unbelievable that "goods" should be held to clearly express these things, if indeed it would embrace any of them.

Moreover, the statute itself discloses the ambiguity. Section 76, specifies that "In this Act, unless the context or subject-matter otherwise requires......[the word] 'goods' [shall be held to] include all chattels personal, other than things in action and money." From this, since "goods" may either include or exclude "things in action," it might be argued that the act was unconstitutional because it contains two purposes; but, wholly overlooking that contention, certainly its one purpose, what-

ever it is, is not clearly expressed in the title, for it may indicate either one of two things, and hence cannot clearly express only one subject. Section 4, already quoted, also leads to the same conclusion. In it the word "goods" does not include "choses in action" for it says "goods or choses in action"; had it meant simply to enlarge the general definition of section 76, by including the "things in action," excluded thereby, "unless the......subject-matter otherwise requires," it would have said "goods, including therein things in action," or used some similar form of expression. As it is, it excludes the idea that goods and choses in action are the same, and hence the former, when used in the title, cannot be said to clearly express the latter.

It follows that the fourth section is unconstitutional in so far as it relates to choses in action.

The judgment of the court below is reversed and a procedendo is awarded.