688

## Commonwealth v. Marter.

*Karl E. Richards,* Assistant District Attorney, for Commonwealth.

*J. Paul Rupp,* for defendant.

HARGEST, P. J., July 7, 1930.—This case comes before us upon an appeal from a summary conviction for reckless driving, in violation of "The Vehicle Code" of May 1, 1929, P. L. 905. The offense occurred in the neighborhood of Front and Chestnut Streets, in the City of Harrisburg. The defendant was arrested on view by a police officer and taken before Alderman Windsor, then sitting for the Mayor at the City Hall, Walnut and Aberdeen Streets, because the orders to the officers were to take all such offenders to the police station. An information was immediately made, and subsequently a hearing was had at the police station before Alderman John P. Hallman, also sitting at the request of the Mayor. There were nearer magistrates, and there was no evidence that they were not available. The testimony of the officer makes out a case of reckless driving. The defendant at the hearing invoked section 1201 of The Vehicle Code, which requires cases of this character to be brought before "the nearest available magistrate." The judge hearing this appeal, while intending to have this case go upon the argument list, used language which actually affirmed the action of the alderman, but on petition filed June 20, 1930, so much of the order as might be regarded as precluding the present consideration was revoked.

The district attorney raises the question of the constitutionality of section 1201 of The Vehicle Code, in that no notice of the subject-matter of that section is given in the title. This is a very serious, interesting and important question.

The Constitution of Pennsylvania provides, in article III, section 3:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

Section 1201 of "The Vehicle Code," in so far as it affects this question, provides:

"Informations charging violations of any of the provisions of this act, except in cases where the offense is designated a felony or a misdemeanor, shall be brought before the nearest available magistrate within fifteen days after the commission of the alleged offense. . . ."

The title of the act, in so far as it could in any way relate to the subject-matter of section 1201, is as follows:

"An act for the protection of the public safety; regulating the use of highways, and the operation of vehicles . . . upon the highways of this Commonwealth; . . . prescribing and limiting the powers of local authorities to deal

with the subject matter of this act; conferring powers and imposing duties upon the Department of Revenue, the Department of Highways, peace officers, mayors, burgesses, magistrates, aldermen, justices of the peace, the courts and the clerks thereof, owners of vehicles and garage keepers. . . ."

In Com. *v.* Frank, 1 Dauphin Co. Reps. 6, 8, 9, Simonton, P. J., in a very learned opinion, after discussing at length the common law jurisdiction of aldermen and justices of the peace, said:

"They have at this day all the powers and jurisdiction that justices of the peace had in England prior to the settlement of this country, except where these have been circumscribed or enlarged by statute. . . .

"In the absence of statutory regulation, a justice of the peace would undoubtedly have criminal jurisdiction throughout the county, an alderman throughout the city, in which they hold their respective offices."

See, also, 1 Stephen's History of Criminal Law, 190, 191; Sadler's Criminal Procedure, 117.

It, therefore, appears that every alderman of the city and every justice of the peace of the county has jurisdiction of an offense occurring respectively in the city or county, and the effect of section 1201 is to oust every justice of the peace or alderman but one in the city or county of his jurisdiction. The inquiry, then, is whether the title of the act gives notice of such provision. The title provides for "prescribing and limiting the powers of local authorities to deal with the subject-matter of this act." This would be sufficient notice if it were not for the fact that "local authorities" are defined in the act to be "every county, municipal, and other local board or body, having authority to adopt local police regulations under the Constitution and laws of this Commonwealth." This definition excludes magistrates. There is no other suggestion in the title limiting the authority of magistrates, aldermen or justices of the peace. As to them the title says that the act is "conferring powers and imposing duties upon" them. Section 1201 is far from either conferring powers or imposing duties upon magistrates. It is taking away the powers which the aldermen and justices of the peace already have.

In Phillips's Estate, 295 Pa. 349, 353, it is held:

"A statute is constitutional only to the extent that its purpose is *clearly* expressed in the title, everything beyond this being violative of article III, section 3, of the state Constitution. We have also steadily held to the requirement of a *clear* expression, in contradistinction to one which can only be reached by a process of reasoning."

In the case just referred to an act of assembly was construed which, in its title, prevents physicians from testifying to communications made to them by their patients, while the body of the act provides that they shall not be allowed to disclose any information acquired in attending the patient. The court held that the title limited the act to communications made to physicians by their patients. Certainly, comparing section 1201 with the title of "The Vehicle Code," there is in the title no clear expression of a limitation of the jurisdiction of aldermen and justices of the peace nor even an expression from which such limitation could be conceived by a process of reasoning.

In Guppy *v.* Moltrup, 281 Pa. 343, it is held:

"Where the words used in the title of a statute are reasonably capable of more than one meaning, the title does not comply with the requirements of article III, section 3, of the state Constitution.

"Setting forth, in the title of a statute, language which is dubious or uncertain is not a compliance with the purpose of the constitutional provision. Its

requirement is that the subject shall be clearly expressed in the title, so that any one reading it may at once understand the scope of the act."

See, also, Spector *v.* Northwestern F. & M. I. Co., 285 Pa. 464.

In Strain, Admin'r, *v.* Kern, 277 Pa. 209, it is held that "a statute altering the common law is not to be extended beyond its obvious import." In this case it was held that the title of the Fiduciaries Act of 1917, which provided for "the abatement and survival of actions and the substitution of executors and administrators therein," did not give notice of the provision in the body of the act giving executors or administrators power to commence and prosecute all personal actions which the decedent whom they represent might have commenced and prosecuted, except actions for slander and libel.

It clearly follows from these authorities that the provisions of section 1201, ousting the jurisdiction of all aldermen and justices of the peace in a respective city or county except "the nearest available magistrate," is unconstitutional because no notice of such a limitation is found clearly expressed in the title.

Section 105 of The Vehicle Code provides that if any provision of the Code is held unconstitutional, the decision so holding shall not be construed as affecting or impairing any other provision of the act.

In view of our conclusion as to the constitutionality of section 1201, it may not be necessary to discuss the questions of construction which have been raised, but that the Legislature may have these questions before it in considering any proposed amendments we think we should refer to them.

What is meant by "the nearest available magistrate?" Is it the magistrate nearest to the place of the alleged violation or nearest to the place where the alleged offender is apprehended? There are consummated and continuing offenses. For instance, driving without displaying registration tags, or with defective brakes, or at night without lights, are examples of continuing offenses. A man driving from Harrisburg to Philadelphia would violate the law in every county through which he passes. Where is he to be prosecuted? Reckless driving, driving past signal lights or stop signs are consummated offenses. Is this provision for the benefit of the witnesses or for the benefit of the defendant, or was it to prevent officers from taking alleged violators before favored magistrates? Did the Legislature intend to interfere with police officers, operating under discipline and instructions to take offenders to the police station, and require such officers to hunt for the nearest available magistrate in the midnight hours? The arrest must be made within fifteen days. Assuming that a resident of Philadelphia was imperiled by reckless driving in the City of Harrisburg and he subsequently discovered that the offender was also a resident of Philadelphia, should such a statute require both the prosecutor and the defendant to travel from Philadelphia to Harrisburg to have the case brought before the nearest available magistrate to the scene of violation? There is no right to arrest on view for violations which would come within section 1201. Such right to arrest is limited by section 1203(a), "where the offense is designated a felony or a misdemeanor, or in cases causing or contributing to an accident resulting in injury or death to any person." Yet the common practice of police officers is to arrest on view in cases where summary conviction is the proper remedy. Otherwise, with the facility of escape, justice, in many instances, could not be obtained.

These are some suggestions that would occur in the construction of this section of the act which should be clarified.

We quite agree with the district attorney that the requirement of section 1201 that the offender shall be "brought before the nearest available magis-

trate within fifteen days after the commission of the alleged offense" is indefinite and uncertain and very difficult of reasonable enforcement. Since we conclude that section 1201 is unconstitutional, it follows that the judgment of the alderman must be sustained.

Now, July 7, 1930, the judgment of John P. Hallman, alderman, sitting at the request of the Mayor, is sustained, the defendant is adjudged guilty and is hereby fined $25 and costs.     From Homer L. Kreider, Harrisburg, Pa.