## Commonwealth ex rel. v. Dallas Township

*William A. Schnader*, Attorney General, and *John A. Moss*, Deputy Attorney General, for Commonwealth.

*J. Q. Creveling*, for defendant.

HARGEST, P. J., August 1, 1932. — The Commonwealth brings this suit to recover $984.54. From the statement of claim it appears that the defendant, on June 15, 1905, entered into a written agreement with the Commonwealth, acting through the State Highway Commissioner, and the County of Luzerne, whereby the Commonwealth agreed to improve a road in Dallas Township and the county and the township each severally agreed to pay one eighth of the total cost of such improvement. Between 1920 and July 21, 1927, the Commonwealth maintained and repaired the road, and demands 50 percent of the cost thereof, amounting to $2,216.26, and the defendant has paid or been credited with the sum of $1,230.72, leaving the balance of $984.54.

The defendant filed an affidavit of defense raising the question of law that the Commonwealth's only rights against the defendant are those provided by the Act of May 1, 1905, P. L. 318, and that it has no remedy other than provided by that act.

The defendant, on the argument and by its brief, now raises the question that the title to the Act of May 31, 1911, P. L. 468, under which the Commonwealth brings this suit, is unconstitutional insofar as it attempts to give the Commonwealth the right to collect for the maintenance of State highways or State-aid highways "which shall have been previously reconstructed by State aid," that is to say, under provisions of former highway acts, because there is no indication in the title that the act is retrospective to this extent.

All of the other questions which we regard as important, except as to the validity of title of the Act of 1911, have been disposed of in an opinion filed herewith in the case of Com. ex rel. v. Delaware Township, 18 D. & C. 447, and need not be repeated in this opinion.

Section 29 of the Act of 1911 is not retroactive so far as to impose 50 percent of the cost of reconstruction done before the passage of the act, but only imposes that proportion of the cost of reconstruction which shall be subsequently done on highways originally constructed under former acts. The reconstruction here in question was done between 1920 and 1927.

The title to this act is unnecessarily long. It is almost an index to its contents, which it ought not to be. So far as it affects the question in this case it is as follows:

"An act providing for the establishment of a State Highway Department, . . . providing aid by the State to counties and townships desiring the same in the improvement of township or county roads; defining highways and State-aid highways; . . . providing for percentage of cost of improvement or repairs to be paid by State, county, township, borough, or incorporated town . . . and providing for the repeal of certain acts relating to Highway Department and improvement of roads. . . ."

It has many times been said that a title need not, and ought not, be a complete index of its contents: Com. ex rel. v. Broad Street Rapid Transit St. Ry. Co., 219 Pa. 11, 17. A title must not be such that a person "is led away from an examination of the body of the bill:" Guppy v. Moltrup, 281 Pa. 343, 346; but as said in Reeves et al. v. Phila. Suburban Water Co., 287 Pa. 376, 387: "The Constitution presupposes a reasonably inquiring state of mind, and such a state of mind would follow the trail indicated by the main part of the titles, into the body of the acts."

What would be the trail indicated by the language "providing for percentage of cost of . . . repairs to be paid by State, county, township, borough, or incorporated town," and "providing for the repeal of certain acts relating to Highway Department and improvement of roads"? Certainly it would be that in the statute there is some provision imposing the percentage of cost of repairs on townships which may be different from that imposed in other highway acts which are repealed. So, this title would not lead an inquiring mind away from the examination of the body of this bill but distinctly arouse such examination. There is no liability "coiled up in the folds of the bill:" Dorsey's Appeal, 72 Pa. 192, 195; of which no notice is given. Section 29 imposes upon the townships 50 percent of the cost of repairs of "all State-aid highways, improved under the provisions of this act, or which shall have been previously reconstructed by State aid". That such a provision may be in the statute is certainly indicated by that part of the title "providing for percentage of cost of improvement or repairs to be paid by State, county, township, borough, or incorporated town."

It has often been reiterated that if the statute has one subject, even though the details and specific means to carry out its general purpose are multiplied, it does not violate the constitutional provision with reference either to the singleness of purpose or the clearness of expression in the title: Com. v. Charity Hospital of Pittsburg, 198 Pa. 270, 275; Com. v. Kebort, 212 Pa. 289, 291; Com. ex rel. v. Snyder, 279 Pa. 234; Booth & Flinn, Ltd., v. Miller, 237 Pa. 297, 303.

We do not overlook the cases which hold that a substantial burden cannot be imposed upon a municipality without notice in the title: Dailey v. Potter County, 203 Pa. 593; County Commissioners' Petition for the Construction of a Public Highway Tunnel, 255 Pa. 88; Stegmaier v. Jones, 203 Pa. 47.

In Com. ex rel. v. Macelwee et al., 294 Pa. 569, 571, The General Township Act of July 14, 1917, P. L. 840, was attacked because it gave no notice in the title that the township treasurer in a township of the first class was required to collect poor taxes among other taxes. There was no suggestion in the title that the act had anything to do with poor districts. The title is, "An act con-

cerning townships; and revising, amending, and consolidating the law relating thereto." The court said:

" 'An act concerning townships,' is notice to all persons located therein and to every subordinate municipal division of the State located wholly or partially within them, that there may be, in the body of the act, something which affects his or its interests, and ordinarily this satisfies the constitutional requirements as to the title."

See, also, Orlosky v. Haskell, 304 Pa. 57.

While section 29 of the Act of 1911 imposes a greater burden for reconstruction than that imposed by earlier acts, notice that such burden may be imposed is found in the title.

In Sugar Notch Borough, 192 Pa. 349, 353, 355, it is said:

"The express enumeration of the specific subjects must be affirmatively misleading as to the intent to exclude others, or the title will not be made invalid by it. . . . Courts are not to be astute in finding or sustaining objections."

To strike down this statute, the title of which gives specific notice that it provides "for percentage of cost of improvement or repairs" to be paid by townships, because it does not also include in the title that it refers to repairs of roads "which shall have been previously reconstructed by State aid," would be tantamount to holding that the title should be an index; would be directly contrary to the multitude of authorities on the subject and particularly subversive of the cardinal principle that courts should sustain the constitutionality of a statute unless it is clearly shown to violate the fundamental law.

For these reasons, as well as for those expressed in the case of Com. v. Delaware Township, supra, the affidavit of defense raising questions of law must be overruled.

Now, August 1, 1932, the affidavit of defense raising questions of law is hereby overruled and the defendant is permitted to file an affidavit of defense to the merits within 30 days.       From Homer L. Kreider, Harrisburg, Pa.