## Production Credit Assn. et al. v. Recorder of Deeds et al.

*Samuel Goldfarb* and *Charles A. Patterson*, for plaintiffs.

*Wallace S. Gourley, Vincent R. Massock,* and *David H. Weiner*, for defendants.

GIBSON, J., March 15, 1943.—Ralph R. Paxton executed two mortgages dated August 18, 1942, to Uniontown Production Credit Association, each covering certain livestock and farm equipment which were situate on a farm in this county. These mortgages were presented to the recorder of deeds of the county with a tender of 75 cents for the recording of each, and the recorder refused to record them for that amount, demanding his fee in accordance with the recorders' fee

bill as provided under the Act of 1929. Thereupon the Uniontown Production Credit Association and Ralph R. Paxton, the recorder of deeds, the county controller, and the county commissioners joining, filed a stipulation with a petition for a declaratory judgment asking this court to determine the proper fee for recording said mortgages.

Chattel mortgages on livestock, farm machinery or equipment, or upon crops, either planted or to be planted within one year, were authorized by the Act of March 2, 1933, P. L. 6, and funds on said mortgages could be borrowed from the Reconstruction Finance Corporation and certain other Federal agencies, including the United States of America. This act was amended by the Act of April 18, 1935, P. L. 38, and, as amended, was further amended by the Act of July 24, 1941, P. L. 439, empowering any person, association, partnership, or corporation to enter into an agreement to pay funds borrowed of anyone and secure the same by chattel mortgage on livestock, farm machinery or farm equipment, or crops, annual or perennial, including fruit crops, growing or to be planted within one year from date of execution of mortgage. The first act contained the fee bill, while the Act of 1941 provided for such recording fees "as are provided by law for services rendered with respect to mortgages on real estate."

At the Special Session of 1936, there was passed an act (July 15, 1936, P. L. 47) providing for the borrowing of funds from the Government of the United States, or any department, agency, or instrumentality thereof, and providing for a chattel mortgage upon any chattel or chattels of any description, and providing for the recording of such mortgage; section 2 thereof includes a fee bill to be charged by the recorder for such purposes. The title of the act reads as follows:

"An act to enable persons, associations, partnerships, and corporations to borrow money and secure

the repayment thereof by the execution and recordation of chattel mortgages on any chattels of any kind or description; providing for bonds with confessions of judgments; regulating the assignment and release of such mortgages; and designating the operation and effect of the lien of such mortgages."

By the Act of April 3, 1929, P. L. 127, the legislature enacted a fee bill for recorders of deeds in counties of the third and fourth class, covering the various items referred to in the schedule of fees under the Act of 1936.

Plaintiffs in this proceeding contend that the fee bill contained in the Act of 1936 is controlling and that such are the fees which the recorder of deeds can demand and collect, and no others, and have discussed at length the applicability of the several chattel mortgage acts, which we have referred and the effect on the Act of 1936 of the amending Act of 1941.

Considerable confusion in the legislation grows out of the fact that the Act of 1933 and its various amendments gives no attention whatever to the Act of 1936, and the Act of 1936, although on the same general subject and having almost the identical title of the Act of 1933, wholly disregards the provisions of the other several acts relating to chattel mortgages. However, we do not think it is necessary to go into a discussion of how one act affects another or whether the Act of 1941 effects a repeal of the provision regarding fees in the Act of 1936.

The real difficulty with plaintiffs' contention is that there is nothing in the title of the Act of 1936 giving any notice that the act contains a recorder's fee bill. The act relates to the borrowing of money and securing payment thereof "by the execution and recordation of chattel mortgages on any chattels of any kind or description." There is nothing in the title of the act which would indicate in any manner that its provisions regulate the fees to be charged by the recorder of deeds, and

which, since he is a salaried officer, would be payable to the county treasurer. Article III, sec. 3, of the Constitution of Pennsylvania provides:

"No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

We recognize that the title is not required to be an index of the contents of the act and that only sufficient wording may be required in the title to put a person on inquiry as to the contents. However, the requirement is mandatory that the title must express clearly the subject of the act so as to give notice of the legislative purpose to those who may be specially interested therein. This section of the Constitution has been construed by many decisions, and we refer to but four: Boocks' Petition, 303 Pa. 363; Guppy v. Moltrup, 281 Pa. 343; Mazurek v. Farmers' Mutual Fire Ins. Co., 320 Pa. 33; Stewart et al. v. Hadley, 327 Pa. 66.

In 1929 the legislature had established a fee bill for the recorder of deeds, as we have pointed out. This was a subject which had been legislated on for many years. The fee bill of a recorder of deeds has no proper relation to the subject of borrowing money on the security of crops, livestock, etc. The fees of the recorder of deeds are fixed by the legislature as reasonable compensation for the services which that officer is to perform, and if there is to be a distinction as to the rates for the same services, depending upon whether they relate to real estate or to livestock or growing crops, it should be determined by appropriate legislation with the proper title as required by the Constitution. Since the subjects of the fee bill of recorders of deeds and the borrowing and securing of money have no proper legislative relation to each other, it is exceedingly doubtful whether they could both be included in a valid statute. See Stewart et al. v. Hadley, supra.

In Guppy v. Moltrup, supra, the Supreme Court passed on the title of The Sales Act of May 19, 1915,

P. L. 543. This title was "An Act relating to the sale of goods." It was held that the provisions of the act relating to choses in action were void because the title, "relating to the sale of goods", was not broad enough to include choses of action.

Under the title of the Act of 1936, it is clear that a recorder's fee bill cannot validly be included in the act and that the inclusion thereof violates article III, sec. 3, of the Constitution of Pennsylvania, in that the bill contains more than one subject, and that, so far as the fee bill is concerned, that subject is not clearly expressed in the title.

In the amending Act of 1941, the legislature recognized the insufficiency of the previous acts by placing in the title of the amending act "by making further provisions respecting the fees of recorders of deeds in connection with chattel mortgages," and providing in that act that the fees shall be the same as those provided in respect to mortgages on real estate; so that the fee bill in the Act of 1929 must govern.

And now, March 15, 1943, this cause having come on to be heard, and having been heard on the argument list, it is ordered and determined that the proper fees to be charged by the recorder of deeds of the County of Washington for the recording of chattel mortgages are those designated by the Act of April 3, 1929, P. L. 127, sec. 1.