# Commonwealth ex rel. Attorney General *v.* Snyder, Appellant.

*Constitutional law—Statutes—Multiplicity of subjects—Title of act—"Administrative Code"—Executive department—Act of June 7, 1923, P. L. 498—Duty of judiciary—Mandamus.*

1. Where the constitutionality of an act of assembly is attacked, it is the duty of every judge,—without regard to his opinion as to the necessity for the statute, or its wisdom,—to seek a construction which will support the interpretation of the Constitution, and an act can never properly be declared void unless this is found impossible.

2. The executive department is a single subject of legislation in the sense that it may be structurally reorganized (but only within the limits of the Constitution) and its administrative work, or executive machinery of government, systematized in one act of assembly.

3. Matters of substantive law that one would not expect to find under the designation of "administrative work" cannot be incorporated in such an act, without breaching the constitutional provision that "no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

4. Matters which belong or pertain to the legislative or judicial departments, as distinguished from the executive department, cannot be legally included in an act purporting to deal alone with the latter branch of the government.

5. A title of a statute need name only the real subject of the legislation; it need not set forth all enactments intended to be made in regard thereto.

6. When a title states that the act is to provide for and to reorganize "the conduct of the executive and administrative work of the Commonwealth by the executive department thereof," the statute must be confined to such provisions as are germane to this expressed legislative purpose.

7. If an act purports to deal with the executive and administrative work of the executive department, its provisions, to be constitutionally valid, must concern the structure of the branch of the state government suggested by the title, or have some legitimate relation to the work or duties thereof.

8. An act creating an executive agency may contain points of substantive law defining rules of conduct, the duty to enforce which is placed on the governmental instrumentality in question, if such rules are reasonably within the commonly conceived scope of such an agency, and under these circumstances the contents of the statute may be accounted a single subject covered by a title simply providing for the establishment and regulation of the agency.

9. If there are provisions in an act not covered by the title, they do not affect the validity of the act as a whole unless they are vital in character and it is apparent that without them the lawmakers would not have enacted the legislation.

10. The "Administrative Code" of June 7, 1923, P. L. 498, is not unconstitutional as containing more than one subject.

11. Nor is it unconstitutional in that the subject of the act is not clearly expressed in its title.

12. Under the Act of June 7, 1923, P. L. 498, a mandamus may properly issue requiring the state treasurer to pay warrants drawn in due course for the payment of salaries of employees of the "Department of Finance," "Department of Forests and Waters," and "Department of Property and Supplies."

Argued January 5, 1924.   Appeal, No. 8, May T., 1924, by defendant, from order of C. P. Dauphin Co., Commonwealth Docket, 1923, No. 61, awarding peremptory mandamus, in case of Commonwealth ex rel. George W. Woodruff, Attorney General, v. Charles A. Snyder, State Treasurer.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for peremptory mandamus.

The issue was raised on petition, return and demurrer. Before HARGEST, P. J., WICKERSHAM and FOX, JJ.

The opinion of the Supreme Court states the facts.

Peremptory mandamus awarded: 26 Dauphin Co. R. 320.   Defendant appealed.

*Error assigned* was order, quoting it.

*A. L. Shay, B. J. Myers,* of *Myers & McNees,* and *E. E. Beidleman,* of *Beidleman & Hull,* with them *R. A. Freiler,* for appellant.—The governor is not authorized to decide legal questions: Greenough v. Greenough, 11 Pa. 489; Penna. R. R. Co. v. Phila., 220 Pa. 100; Menges v. Dentler, 33 Pa. 495; Page v. Allen, 58 Pa. 338.

The determination of the constitutionality of a statute is exclusively for the judiciary: West Branch Boom Co. v. Dodge, 31 Pa. 285.

The warrants should have been drawn on the state treasurer without the previous adjustment of an account: Opinion of Attorney General Carson, 10 Dauphin Co. R. 39.

The "Administrative Code" is unconstitutional. It has more than one subject; the purpose sought to be accomplished by section 3, article III, of the Constitution, was to prohibit this: Lewis v. Dunne, 66 Pac. 478; Yeager v. Weaver, 64 Pa. 425; Clearfield Co. v. Poor Dist., 135 Pa. 86; Phœnixville Road, 109 Pa. 44; Dorsey's App., 72 Pa. 192; Payne v. School Dist., 168 Pa. 386; Collins v. Kephart, 271 Pa. 428; Com. v. Jones, 4 Pa. Superior Ct. 362.

The exception of "General Appropriation Bills" from section 3, article III, of the Constitution, proves the unconstitutionality of the "Administrative Code": Com. v. Gregg, 161 Pa. 582.

The title of the "Administrative Code" fails to express any subject clearly; it is vague, indefinite, and misleading: Provident Life Trust Co. v. Hammond, 230 Pa. 407; Dickinson Twp. Road, 23 Pa. Superior Ct. 34; Dorsey's App., 72 Pa. 192; Overseers v. Armstrong Co., 11 Pa. Superior Ct. 175; Com. v. Green, 58 Pa. 226; Ridge Ave. Pass. Railway v. Phila., 124 Pa. 219; Stegmaier v. Jones, 203 Pa. 47.

The title is an index title, and the subjects not indexed are unconstitutional: Sugar Notch Boro., 192

Pa. 349; Com. v. Ry., 219 Pa. 11; Stegmaier v. Jones, 203 Pa. 47.

The act attempts to create a fourth department of the government: Com. v. Mathues, 210 Pa. 372.

*Wm. A. Schnader,* Special Deputy Attorney General, with him *George W. Woodruff,* Attorney General, for appellee.—The title of the act is sufficient: Sugar Notch Boro., 192 Pa. 349; Collins v. Kephart, 271 Pa. 428; Com. v. Green, 58 Pa. 226; Dorsey's App., 72 Pa. 192; Phœnixville Road, 109 Pa. 44; Kelley v. Twp., 154 Pa. 440; Com. v. Jones, 4 Pa. Superior Ct. 362; Com. v. Hospital, 198 Pa. 270; Com. v. Powell, 249 Pa. 144; York City v. Eyster, 68 Pa. Superior Ct. 104; Dorsey's App., 72 Pa. 192; Allegheny County Home's App., 77 Pa. 77; Com. v. Moore, 2 Pa. Superior Ct. 162; Com. v. Berryman, 72 Pa. Superior Ct. 479; Minsinger v. Rau, 236 Pa. 327.

If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary: Mauch Chunk v. McGee, 81 Pa. 433; Pottstown Boro., 117 Pa. 538; Lackawanna Twp., 160 Pa. 494; Com. v. Jones, 4 Pa. Superior Ct. 362; Rose v. Beaver Co., 204 Pa. 372; Reber's Petition, 235 Pa. 622; Rodebaugh v. Traction Co., 190 Pa. 358; Jewell's Est., 235 Pa. 119; Booth & Flinn v. Miller, 237 Pa. 297.

In practically all cases in which acts have been held invalid because of defective titles, the titles have been misleading: Union Passenger Ry. Co.'s App., 81* Pa. 91; Ridge Ave. Ry. v. Phila., 124 Pa. 219; Com. v. Hazen, 207 Pa. 52; Com. v. Warren, 217 Pa. 163.

To the extent to which an act reënacts existing law without changing it, notice of the subject-matter need not be given in the title: House of Refuge v. Luzerne Co., 215 Pa. 429.

The Administrative Code contains but one subject: House v. Creveling, 147 Tenn. 589.

"Code" in fact contains but one subject.

The constitutional definition of "General Appropriation Bills" does not show that the "Code" contains more than one subject.

Effective reorganization must necessarily affect all of the agencies of the executive branch of the government.

The subject of the Administrative Code is clearly expressed in its title.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 21, 1924:

The broad question before us is this: Should the Act of June 7, 1923, P. L. 498, known as the "Administrative Code," be held unconstitutional as a whole either on the ground that, (1) in the attempt to regulate the conduct of the entire executive and administrative work of the executive department of the government, it contains more than one subject, or (2) that the subject of the act is not clearly expressed in its title?

If the act be sustained in the above particulars, then, recognizing the fact that a piece of legislation may be valid as a broad proposition yet unconstitutional in parts, the question will arise: Are the specific articles or sections, establishing or reorganizing the departments or governmental agencies under which the persons were employed for whose service the warrants in this case were drawn, or the parts of the act relating to the powers and duties of these employees, shown to be entirely unconstitutional? If not so, then this question suggests itself, and is touched upon in the briefs: Is the particular position held by, or the work performed by, any of these employees shown to be unconstitutionally provided for?

The articles or sections referred to in the last paragraph are the only portions of the legislation under attack which are especially passed on in this opinion, and their validity is considered only to the extent that the above questions, and the record before us, require.

Since the record fails to furnish any particulars,—except the meager information given in a paragraph on the facts, which we shall presently state,—regarding the positions of the employees whose warrants are involved in this case, or the character of work performed by them, the last question mentioned in the preceding paragraph is practically eliminated. Therefore, after adjudging the matter of the general constitutionality of the act, if there is room for further inquiry, it must necessarily be limited to a review of those parts of the statute on which depend the existence of the departments or agencies employing the services of the payees named in the warrants here in controversy.

Other constitutional points, and also claims concerning the correct interpretation of the Act of March 30, 1811, P. L. 145, are argued in appellant's brief, but they are not properly before us and call for no discussion.

We must approach the solution of the questions involved with the following general principle in mind: When the constitutionality of an act of assembly is attacked, it is the duty of every judge,—without regard to his opinion as to the necessity for the statute, or its wisdom,—to seek a construction which will support the legislative interpretation of the Constitution, and an act can never properly be declared void unless this is found to be impossible.

On the facts, the attorney general of the Commonwealth presented a petition to the Court of Common Pleas of Dauphin County, praying that a writ of peremptory manadmus issue, commanding the state treasurer to make payment of certain warrants, totaling upwards of nine thousand dollars, drawn by the auditor general. These warrants, for salaries of state employees, covered by requisitions, were signed as follows: (1) by the secretary of the Commonwealth as head of the Department of State Finance; (2) by the secretary of Forests and Waters, as the head of the Department of Forests and Waters; (3) by the secretary of Welfare, as

the head of the Department of Welfare; and (4) by the secretary of Property and Supplies, as the head of the Department of Property and Supplies. All of the requisitions were in the ordinary form and were to be paid out of appropriations for salaries to the several departments involved, as they had been either established or reorganized by the before mentioned statute.

The defendant refused to approve or honor the warrants on several grounds, the principal one with which we are at present concerned being that the Administrative Code was "wholly unconstitutional and void" because it offended against section 3 of article III of the Constitution of Pennsylvania, which provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."

The court below held that, while the points raised by the state treasurer were not free from doubt, yet he had not satisfied it that the act in question contained more than one subject, according to the meaning of these words as used in the Constitution. It further held the title was "sufficiently comprehensive to give abundant notice" of the provisions of the act; and that, "confining the attack to so much of the statute as was directly involved in the requisitions, it found no unconstitutional provisions." Judgment was given accordingly and an order entered that the mandamus issue; this appeal followed.

The statute is entitled: "An act providing for and reorganizing the conduct of the executive and administrative work of the Commonwealth by the Executive Department thereof and certain existing and certain new administrative departments, boards, commissions, and officers; abolishing, combining, changing the names of, reorganizing, or authorizing the reorganization of, certain administrative departments, boards, commissions, bureaus, divisions, offices, and agencies; defining the powers and duties of the Governor and other execu-

tive and administrative officers, and of the several administrative departments, boards and commissions; fixing the salaries of the Governor, Lieutenant Governor, and certain other executive and administrative officers; providing for the appointment of certain administrative officers and of all deputies and other assistants and employees in certain departments, boards and commissions; and prescribing the manner in which the number and compensation of the deputies and all other assistants and employees of certain departments, boards, and commissions shall be determined."

It will be observed that the above title refers to "providing for and reorganizing the conduct of the executive and administrative work of the Commonwealth by the Executive Department thereof," meaning, as appellee properly says, "the act or manner of carrying on, directing or managing," the administrative work of the executive department of the government. The act, in order to accomplish this, its real purpose, provides for certain new administrative agencies, the reframing or rearranging of others, and, to that degree, the rebuilding of the structure of the Executive Department. The court below correctly says the statute shows no purpose to set up a fourth, or "administrative," department of government; it purports to deal with the administrative work of the executive department.

We hold that the executive department,—though, indeed, a comprehensive topic embracing a large field of operation,—is a single subject of legislation in the sense that it may be structurally reorganized (but only within the limits of the Constitution) and its administrative work, or executive machinery of government, systematized, in one act of assembly. While the Constitution of Pennsylvania recognizes the "executive" as having individuality as one of the three departments of government, it also provides that "No bill......shall be passed containing more than one subject, which shall be clearly expressed in its title"; hence matters of substantive law

that one would not expect to find under the designation of "administrative work" (the subject of the present statute) cannot be incorporated in such an act without breaching this constitutional provision; nor can matters, even though administrative, which belong or pertain to the legislative or judicial departments, as distinguished from the executive department, be legally included in an act purporting to deal alone with the latter branch of government.

We state the above rules, not to suggest that the facts in the present case show departures therefrom, but because they, and the rules about to be referred to, contain general principles relevant to the contentions at bar and helpful in solving them; this will be seen as we proceed.

A title need name only the real subject of the legislation; it need not set forth all enactments intended to be made in regard thereto. If the subject is designated with sufficient clearness to put one on inquiry into the body of the act, all necessary or appropriate details to carry out the purpose of the statute there found will be treated as within the title; nevertheless, each matter covered by the act, to be accounted as properly included therein, must be germane to the subject named. Here, since the act purports to deal with the executive and administrative work of the executive department, its provisions, to be constitutionally valid, must concern the structure of that branch of the state government or have some legitimate relation to the kind of work or duties of the executive department suggested by the title.

The executive and administrative duties of the executive department of government may require the execution of laws, or rules of conduct, which have been or may be prescribed for enforcement by the proper authorities; but when such an expression as "administrative duties," or, as called in the title to the present act, "administrative work," is used to denote the main subject of a statute, it does not suggest a purpose to include the making of new laws outside of those defining or regulating ad-

ministrative duties or providing rules of conduct of a character to be of such direct aid to administration that they come to mind, in ordinary contemplation, as part of it, or as details so naturally leading to the accomplishment of the main object of the act, namely, the regulation of administration, as to be ordinarily thought of as entering into or forming part of administration itself.

An act creating an executive agency may contain points of substantive law defining rules of conduct, the duty to enforce which is placed on the governmental instrumentality in question, if such rules are reasonably within the commonly conceived scope of such an agency, and under these circumstances the contents of the statute may be accounted a single subject covered by a title simply providing for the establishment and regulation of the agency (for examples, see the charter acts for classified cities, the act on government of boroughs, the acts concerning townships, the school code, and the acts establishing the insurance, banking and other departments of the state government) ; but when a title states, as the present one does, that the act is to provide for and to reorganize "the conduct of the executive and administrative work of the Commonwealth by the executive department thereof," the statute must be confined to such provisions as are germane to this expressed legislative purpose.

Of course, if in any case the title neither mentions nor reasonably implies that legislation such as that under attack is contained in the act, the provisions brought into question will be held invalid; on the other hand, if so mentioned or implied, they will be treated as part of the main subject of the legislation, unless details in the title, following the designation of the main subject, would mislead one into the belief that no such matters as the provisions in question were likely to be found in the statute.

The above general rules and the record in this case must be our guide in passing on the constitutionality of

the present act. Turning to the record, it is quite clear that all the governmental agencies, which issued the requisitions for the warrants under consideration, are such as could properly be used in the executive and administrative work of the executive department; and, no matter what might have been shown to the contrary, there is nothing before us to indicate that any of the employees named in the requisitions were performing other than routine duties of a purely constitutional character for such agencies; finally, there is nothing in the title of the Administrative Code to mislead one in any particular so far as the portions of the act here shown to be directly involved are concerned.

In Minsinger v. Rau, 236 Pa. 327, 336, when passing on the validity of another important and comprehensive act of assembly, we said that, "If there are provisions not covered by the title, they do not affect the validity of the act as a whole unless they are vital in character and it is apparent that without them the lawmakers would not have enacted the legislation"; and the same principle applies where, for any reason, parts of an act are found unconstitutional: Rothermel v. Meyerle, 136 Pa. 250, 265. In the present case, the act itself particularly declares the intention of the lawmakers in this regard. Section 2801 states it is the "intention of the general assembly" that, if any "part or parts" of the statute shall be held unconstitutional, "the remaining provisions ......shall be given full force and effect as completely as if the part or parts held unconstitutional had not been included" therein; it further declares that where there is a transfer of power to any department, board, commission, or officer, the creation of which is held unconstitutional, it is the legislative intention that the original department, board or commission shall continue to exercise its powers and perform its duties as theretofore.

The validity of several parts of the code, the separate constitutionality of which is not necessarily involved in

this case, is attacked by appellant, and the brief for appellee frankly admits, "It may be there are some sections which will be found to transgress the constitutional provision" hereinbefore referred to; we shall determine these questions, however, if and when they come to us in due form,—not before.  We at this time pass only on the broad propositions that, so far as the act properly relates to the conduct of the work of the executive branch of the government and for that purpose to the structural reorganization of its administrative agencies, it is within the one-subject provision of the Constitution, and that nothing has been shown in the title or otherwise to invalidate the parts now brought directly into question.

Considering the provisions here particularly involved, and giving such heed to all other parts of the act as the present appeal warrants, we cannot, under the general rules of law governing such matters, hold that the court below erred in refusing to declare the Administrative Code wholly unconstitutional; and, in so saying, we dispose of the controlling contention in this case.

The assignments of error are overruled and the judgment is affirmed.