## City Bank, etc., v. Bentz et al.

*Equity jurisdiction—Bill by Secretary of Banking to enforce personal liability of stockholders—Filing and recording of certificate of taking possession of bank—Banking Act of June 15, 1923—Secretary of Banking, powers, &c.—— Appointment of Secretary of Banking questioned collaterally — Taking possession of bank without hearing, &c.—Administrative Code of June 7, 1923.*

1. When special equitable jurisdiction is conferred by statute, the general rule limiting a plaintiff to his remedy at law does not apply.

2. Section 37 of the Act of June 15, 1923, P. L. 809-826, confers upon the Courts of Common Pleas equitable jurisdiction to enforce the payment of personal liability of stockholders of an insolvent State bank on bill of complaint by the Secretary of Banking.

3. Where the records of the prothonotary's office and of the recorder's office of the proper county showed that the Secretary of Banking had filed and recorded a copy of his certificate that he had taken possession of the property of an insolvent bank, as required by sections 22 and 32 of the Act of June 15, 1923, P. L. 809-820-823, a demurrer to a bill in equity by the Secretary of Banking to enforce the payment of the personal liability of stockholders of the bank, on the ground that the bill did not aver the filing and recording of such certificate, was dismissed.

4. The Banking Act of June 15, 1923, P. L. 809, took up the Department of Banking with the Secretary of Banking as its head, as provided in the General Administrative Code, and proceeded to establish by adequate legislation the future powers and duties of said officer in the administration of said department before it repealed the Act of May 21, 1919, P. L. 209; therefore, the authority of the Secretary of Banking under the Acts of 1919 and 1923 was continuous for all necessary proceedings in the administration of the affairs of a bank of which the Commissioner of Banking had taken possession prior to the approval of the Act of 1923.

5. The Secretary of Banking is a *de facto* officer, the regularity of whose appointment by the Governor cannot be inquired into collaterally.

6. A detailed statement, showing the insolvency of the bank and its unsafe and unsound condition for the transaction of a banking business, is a sufficient allegation in a bill by the Secretary of Banking to enforce the payment of personal liability of stockholders of the bank to justify the taking possession of the property of such bank by the Secretary of Banking without first having a formal hearing on the subject or securing the official approval of the Attorney-General.

Demurrer to the bill in equity by the City Bank of York, Pennsylvania, Peter G. Cameron, Secretary of Banking, in possession thereof, v. Henry C. Bentz and others, defendants. C. P. York Co., Aug. T., 1923, No. 1.

The bill was filed against twenty-seven defendants, and averred, among other things, that Peter G. Cameron was appointed Commissioner of Banking by the Governor of Pennsylvania, and after the approval of the Act of June 15, 1923, P. L. 809, he was appointed Secretary of Banking, which office he held at the time of the filing of the bill; that on April 24, 1923, while he was Commissioner of Banking, pursuant to the act of assembly, he took possession of the City Bank of York, Pa.; that the bank is insolvent, and by statements of

assets and liabilities, &c., showed that there is a deficit of $1,110,379.98; that he deemed it necessary to enforce the individual liability of the stockholders and made demand for the payment of such liability, and the amount of stock held by each defendant and his individual liability as holder of said stock; and prayed for a decree for the payment by each of the defendants of the amount of his personal liability.

*Robert S. Spangler*, for complainant.

*Cochran, Williams & Kain* and *H. O. Ruby*, for demurrer.

WANNER, P. J., March 31, 1924.—The defendant's contention that the court has no equitable jurisdiction in this case because the plaintiff has an adequate remedy at law for the recovery of the assessments in question is fully met by the following statutory provision of section 37 of the Act of June 15, 1923, P. L. 809-826, viz.: "If any stockholder shall fail or refuse to pay such assessment within such time, the secretary shall have a cause of action at law or in equity against such stockholder, either severally or jointly with other stockholders, for the amount of such assessment, together with interest from the date when the same was due and payable." Section 29 of the Act of June 15, 1923, P. L. 809-822, by giving the Secretary of Banking, in winding up the affairs of an insolvent bank, all the rights, powers and duties of a receiver appointed by a court of equity, also indicates that court as one in which the necessary proceedings may be had. The authority of the legislature to define the jurisdiction of our courts and to regulate procedure therein has always been recognized in the decisions. Therefore, when special equitable jurisdiction is conferred by statute, as is done in this case, the general rule limiting a plaintiff to his remdy at law does not apply: 21 Corpus Juris, 69; Brackenbury *v.* Hodgkin, 102 Atl. Repr. 160-107; 5 Brews. Eq. Prac., § 5494, page 265.

Another reason assigned in support of this demurrer is that the bill in equity does not contain a specific allegation that the plaintiff, as Secretary of Banking, has complied with the statutory provision of sections 22 and 23 of the Act of June 15, 1923, P. L. 809-820-823, which require him to file in the prothonotary's office a copy of his certificate that he has taken possession of the property of the insolvent bank, and also to record the same in the office of the recorder of deeds. The records of the prothonotary's office, however, show the filing of such a certificate by Peter G. Cameron, Commissioner of Banking, on April 26, 1923, and it further appears that the same was also recorded in the recorder's office of this county on April 26, 1923. The statutory requirement of the Act of 1919, which is the same as that of the Banking Act of June 15, 1923, P. L. 809, was, therefore, properly complied with by the Commissioner of Banking, while the said Act of 1919 was the authority under which he was officially acting.

The objection that the present Secretary of Banking is not vested with the same authority as the Commissioner of Banking had under the Act of May 21, 1919, P. L. 209, to continue the proceedings begun by him under said act is not sustained by a careful examination of the legislation on the subject. The Commissioner of Banking took charge of the effects of this bank under the provisions of the Act of 1919 on April 24, 1923. The Act of June 7, 1923, P. L. 498, known as the "Administrative Code," which went into effect at 12 o'clock noon, June 15, 1923, only repealed such parts of section 5 of the Act of 1919 as were inconsistent with the provisions of the Code. It continued the Department of Banking in clause *(a)*, section 205 of said act (P. L. 510), and provided that the head of said department should thereafter be known as the Secretary of Banking. Sections 3 and 7 of article I of the Code (P. L.

502-504) transmitted the powers of the officers of any department which might be abolished to their successors, so that proceedings begun in such abolished department, or by officers whose positions were abolished, are to be carried on by their respective successors in such departments or positions. The Banking Act of June 15, 1923, P. L. 809, which became effective on June 15th, at one minute after 12 o'clock noon, also continued the Banking Department with the Secretary of Banking at its head, and, after fixing his powers and duties in detail, repealed the Act of 1919. Section 35 of said act (P. L. 809-825) also vests in the Secretary of Banking all the powers and duties of the former Commissioner of Banking, and authorizes the Secretary of Banking to prosecute all pending actions and proceedings of his predecessor in courts of law or of equity. The Banking Act of June 15, 1923, P. L. 809, therefore, took up the Department of Banking with the Secretary of Banking as its head, as provided in the general Administrative Code, and proceeded to establish by adequate legislation the future powers and duties of said officer in the administration of said department before it repealed the Act of 1919. There was, therefore, continuous authority under the Acts of 1919, the "Administrative Code" and the "Banking Act of 1923" for all necessary proceedings by the Secretary of Banking in the administration of the affairs of this bank.

Defendants also contest the regularity of the appointment of the present Secretary of Banking by the Governor. The authority of the Governor to make the appointment is conferred upon him by clause *(a)* of section 206 of the Code (P. L. 510). The present Secretary of Banking is a *de facto* officer, the regularity of whose appointment by the Governor cannot be inquired into collaterally in this proceeding. The right to hold the office and to perform its duties could only be tested in a direct proceeding by *quo warranto*. The allegation in the plaintiff's bill is that the Secretary of Banking was duly appointed to said office by the Governor of the Commonwealth, which is sufficient for the purposes of this case.

It is contended that the "Administrative Code" is unconstitutional because it violates the following provision of article III, section 3, of the Constitution of the Commonwealth, viz.: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in the title." Since the filing of this objection, however, in the recent unreported case of Com. ex rel. *v.* Snyder [279 Pa. 234], the Supreme Court, on Jan. 21, 1924, filed an opinion overruling a similar objection to said Code, and holding the general Executive Department of the State Government to be a single subject for legislation which may be structurally reorganized and the administrative work and executive machinery of the government systematized in one act of assembly.

The detailed statement showing the insolvency of the City Bank and its unsafe and unsound condition for the further transaction of a banking business is, in our opinion, a sufficient allegation in the bill to justify the Secretary of Banking in taking possession of the property of said City Bank without first having a formal hearing on the subject or securing the official approval of the Attorney-General. *Vide* section 21 of the Act of May 21, 1919, P. L. 209-211; also section 21 of the Act of June 15, 1923, P. L. 809-819.

And now, to wit, March 31, 1924, the demurrer is overruled and judgment will be entered for the plaintiff, against the respective defendants filing said demurrer, on presentation to the court of a judgment in proper form for its signature *secundum regulum.*