Constitutional Defense League, Appellant,
*v.* Waters.

Argued May 24, 1932.   Before FRAZER, C. J., SIMPSON,
KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Graham C. Woodward,* with him *Luther S. Kauffman,*
for appellant.—The Act of June 26, 1931, P. L. 106, is
unconstitutional because it contains more than one sub-
ject: Collins v. Martin, 290 Pa. 388; Collins v. Kephart,
271 Pa. 428.

Each hospital has always heretofore been considered a separate subject.

The appropriation to the department of welfare is a subterfuge.

*Wm. A. Schnader,* Attorney General, with him *Harris C. Arnold,* Deputy Attorney General, for appellant.— The act contains but one subject: Com. v. Barnett, 199 Pa. 161; Booth & Flinn v. Miller, 237 Pa. 297; Com. v. Jones, 4 Pa. Superior Ct. 362; Com. v. Hospital, 198 Pa. 270; Com. v. Snyder, 279 Pa. 234; Com. v. Liveright, 308 Pa. 35.

The hospitals are but incidental to the primary purpose, which is aid to indigent persons.

OPINION BY MR. JUSTICE LINN, November 28, 1932:

This is a taxpayer's bill to restrain the defendants, fiscal officers of the Commonwealth, from paying money to Harrisburg Hospital, also a defendant. The officers filed a preliminary objection, pursuant to Equity Rule 48, alleging that the bill contained no averment "that would make it illegal or improper" to make payment to the hospital according to law. The learned court below sustained the objection and dismissed the bill.

Plaintiff challenges the constitutionality of the Act of June 26, 1931 (page 106 of the Appropriation Acts of 1931), authorizing payment in specified contingencies. It is entitled "An act making an appropriation to the department of welfare for the maintenance of certain hospitals." The bill quotes, as the only basis for relief, article III, section 3, of the Constitution, providing that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title;" it avers that the act is unconstitutional "for the reason that it contains more than one subject."

Appellant states the question involved as follows: "Whether an act of assembly making an appropriation

to an executive department to be paid to more than one hospital violates the Constitution because containing more than one subject." To that, of course, we limit our consideration.

The act appropriates a specified maximum to the department of welfare to be "by it paid to the hospitals hereinafter designated in the amounts hereinafter specified, for the purpose of the maintenance of such hospitals, in the manner prescribed by law, at the rate of three dollars ($3) per diem for the medical and surgical services rendered to and maintenance of persons treated in such hospitals who are entitled to free service; and for each day of part pay service, such proportion of the three dollars ($3) per diem rate as the part of the regular charge which the person treated is not able to pay bears to the regular ward charge for free service, except that no hospital shall receive compensation at a rate exceeding the actual cost of service per capita in its public ward." Section 2 prohibits payment to any "denominational or sectarian institution or corporation or association."

What, then, is the subject of the legislation?—and, is it clearly expressed in the title? The legislature deemed it desirable that the State should contribute to the maintenance of certain hospitals by reimbursing them, in whole or in part, for the cost of "medical and surgical services" rendered by them to the described persons entitled to such service free of charge; it doubtless concluded that unless such charitable and benevolent contribution (cf. Collins v. Martin, 290 Pa. 388, 139 A. 122) was made to the hospitals the general standard of the service rendered by them might suffer to the detriment of the general public, and that such deterioration should be prevented in the public interest. Obviously that is a single subject of legislation; it does not become two or more subjects (and that is the only criticism) because two or more hospitals may be reimbursed at the same unit standard of repayment; it is to the cost of

the same service, rendered by any of the designated hospitals, that contribution is to be made. Moreover, the reimbursement must be made by the state's officers pursuant to section 2316 of the Administrative Code (April 9, 1929, P. L. 177, 71 PS, section 606, and the Act of March 15, 1899, P. L. 8, 72 PS, section 3482), and sections 307 and 403 of the Fiscal Code (April 9, 1929, P. L. 343, 72 PS, sections 307 and 403). No hospital named in the act may receive any part of the appropriation without rendering the particular service specified and, at the same time, in compliance with the legislation referred to; in this regard, all are treated precisely alike. Though named in the act, a hospital may receive nothing because otherwise not entitled; it may, for example, not render the specified service, or, for other reason, may be unable to bring itself within the requirements of the law. This incident shows conclusively that the subject of the legislation is not multiplied by the number of hospitals named as possible beneficiaries but that it remains the single subject specified in the title. See Booth et al. v. Miller, 237 Pa. 297, 303, 85 A. 457; Com. v. Powell, 249 Pa. 144, 152, 94 A. 746; Com. v. Jones, 4 Pa. Superior Ct. 362, 368; Com. v. Charity Hospital, 198 Pa. 270, 274, 47 A. 980; Com. v. Snyder, 279 Pa. 234, 123 A. 792; Com. v. Liveright, 308 Pa. 35, 81. Any legislator, or other person, reading the title would be put on notice of the precise subject of legislation—clearly expressed—the maintenance of certain hospitals: Com. v. Snyder, supra.

The object of article III, section 3, was considered and stated in Com. v. Barnett, 199 Pa. 161, 172, 48 A. 976, in connection with the complementary constitutional provisions, article III, section 15, and article IV, section 16.

Appellant in its supplemental brief quite properly states that "article III, section 15, only serves to explain and make more clear article III, section 3, whose violation is expressly alleged. Section 15 says, 'All other ap-

propriations shall be made by separate bills, each embracing but one subject.' If the bill in question does not violate section 3, which prohibits a bill 'containing more than one subject,' it cannot violate section 15. If the bill in question contains more than one subject it is in violation of both sections. It cannot violate either without violating the other." The act is of course not a general appropriation bill, nor would the subject have place in such bill, because not in the category of expenditures contemplated by that designation in article III, section 15: Com. v. Gregg, 161 Pa. 582, 29 A. 297. But, being an appropriation measure, section 15 requires that it be a "separate bill," i. e., one not to be included in the general appropriation bill; the only additional limitation is that, as here, it contain but one subject.

We have not overlooked article III, section 16, of the Constitution providing as follows: "No appropriation shall be made to any charitable or educational institution not under the absolute control of the Commonwealth, other than normal schools established by law for the professional training of teachers for the public schools of the State, except by a vote of two-thirds of all the members elected to each house." As we have said, the bill challenges the statute on the single ground specified. Counsel for plaintiff has not suggested that the act did not pass by a two-thirds vote as, of course, was required by the Constitution. We therefore assume, for the purposes of the review desired by the parties, that there was no infirmity in this regard: Cf. Chalfant v. Edwards, 173 Pa. 246, 252, 33 A. 1048.

Decree affirmed at the cost of appellant.


DISSENTING OPINION BY MR. JUSTICE KEPHART:

I dissent from the conclusion reached by the majority. The act makes an appropriation to the department of welfare for some one hundred and seventy hospitals. The appropriation was intended as an appropriation to

each of the several hospitals in the amounts shown opposite the hosiptals named, subject to regulations as to hospital service, looking toward a more efficient and economic administration of hospitals. Therefore, the act is, in effect, an appropriation to each hospital and the money can be used for no other purpose. This court said in Collins v. Martin, 290 Pa. 400, when a lump sum was given the department of welfare and was being paid to a sectarian hospital, that, "the moment one [a sectarian hospital] is selected, such selection has the effect of writing into the act the hospital thus chosen to the same effect as though an appropriation had been made to it direct."

Article III, section 15, of the Constitution provides: "The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the Commonwealth, interest on the public debt and for public schools; all other appropriations shall be made by separate bills, each embracing but one subject."

The act under consideration does make one hundred and seventy distinct and independent appropriations by one bill, which embraces one hundred and seventy different subjects of appropriations, namely, money to be paid different hospitals. The reason for the adoption of this section may be found in the opinion of Mr. Justice MITCHELL in Com. v. Gregg, 161 Pa. 582, 586: "The history and purpose of that section are well known. It was aimed at the objectionable practice of putting a measure of doubtful strength on its own merits, into the general appropriation bill, in legislative phrase tacking it on as a rider, in order to compel members to vote for it or bring the wheels of government to a stop." It was aimed at the practice of "log rolling" in legislation, so frequently condemned. The act under consideration is a direct violation of this provision. To uphold it is not to construe but to rewrite this section of the Constitu-

tion. It usurps not legislative power but the power lodged in the people.

Justices SIMPSON and SCHAFFER joined in this dissent.