## Commonwealth v. McGowan

*John A. Conte*, for Commonwealth.
*Thomas C. Buchanan*, for defendant.

MCCREARY, P. J., November 5, 1956.—A hearing was held before Walter R. Evans, justice of the peace, on September 10, 1956, on an information charging the above named defendant with having, on September 8, 1956, "unlawfully shot and killed one Antwerp or homing pigeon carrying the leg band bearing the name of its owner, Markell Retzer, while said pigeon was at rest, in violation of Section 950 of the Penal Code of 1939". Defendant admitted that he was the one who had shot the pigeon in question, and accordingly he was adjudged by the justice of the peace to be guilty and he was sentenced to pay the costs of prosecution and a fine of $5.

In due time defendant petitioned the court for allowance of an appeal so that the case may be heard

by the court de novo. The court made an order allowing the appeal on condition that appellant file a bond, to be approved by the court, in the amount of $50.

The appeal having been perfected, the matter came before the court for hearing. After hearing the testimony of defendant and his witnesses and the prosecutor and his witnesses, we are of the opinion that the judgment and sentence of the justice of the peace must be reversed and defendant adjudged to be not guilty.

Section 950 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4950, provides as follows:

"Whoever shoots, maims or kills any Antwerp or homing pigeon, either while on flight or at rest, or detains or entraps any such pigeon which carries the name of its owner, shall, upon conviction thereof in a summary proceeding, be sentenced to pay a fine of not more than twenty-five dollars ($25), and, in default of the payment of such fine, and costs, shall be sentenced to undergo imprisonment not exceeeding ten (10) days."

At the hearing it was conclusively shown that the pigeon in question was, at the time it was shot by defendant, roosting on the roof of defendant's home. Defendant had been bothered over a long period of time with the homing pigeons owned by Markell Retzer crossing over from the coop on the Retzer property onto the roof of defendant's home. Defendant had warned Markell Retzer of this situation and advised him that unless he would keep his pigeons off the land and buildings of defendant, he would be compelled to shoot the pigeons as a matter of protection to his own property. It is in evidence and found to be a fact that the droppings from Markell Retzer's pigeons found their way onto the roof of defendant's home and, by the force of gravity and with the help of the rain, these droppings were washed down into the roof gut-

ters and thence into the cistern of defendant thereby contaminating the water to such an extent that it gave off an unusual color and was unfit for use even for washing purposes.

Before the hearing commenced defendant, by his counsel, filed a motion to quash the information on the ground that section 950 of The Penal Code of 1939, set forth at length above, is unconstitutional if it is interpreted to mean that a property owner has no right to shoot a homing pigeon which is damaging his property, because, if so interpreted, it would be in violation of article I, sec. 1, of the Constitution of Pennsylvania. That article of the Constitution reads as follows:

"NATURAL RIGHTS OF MANKIND

"All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."

The legislature has no power to pass any law depriving any citizen of his inherent and indefeasible right of acquiring, possessing and protecting his property. If, in passing section 950 of The Penal Code of 1939, the legislature had in mind that it was making it a criminal offense for a property owner to shoot a homing pigeon which was destroying the property of the owner, this section is unconstitutional.

A similar question arose in the case of Commonwealth v. Gilbert, 5 D. & C. 443. In that case the employe of the owner of an orchard, on instructions of his employer, killed a doe deer in his employer's orchard, and there appeared to be imminent danger to the crops of the employer if the deer were not shot; defendant was prosecuted under the provisions of The Game Law of May 24, 1923, P. L. 359, secs. 705 and

720. The court held that where the danger to the property of the land owner is imminent, article I, sec. 1, of the Constitution applies and legislation which makes the action of any person acting within this article of the Constitution illegal is unconstitutional and void. The court said, in part, as follows, page 446:

"We now hold that the owner of real estate has an indefeasible right to destroy a deer when necessary to protect his crop. Any legislation which undertakes to deprive him of that right contravenes the Constitution. We have been pointed to no deliverance of an appellate court in Pennsylvania which holds otherwise. We do not overlook the fact that a statute will be declared unconstitutional only when it violates the Constitution in such a manner as to leave no doubt or hesitation in our minds: *Sharpless v. Philadelphia*, 21 Pa. 147; *Com. v. Snyder*, 279 Pa. 234. The killing of the deer was because of past depredations and the well-founded apprehension of what would happen in the future, and the defendant was justified in killing. The killing by the defendant is the same as would have been the killing by Wertz, on whose land it was found and under whose instructions and directions the defendant acted."

This case was cited with approval in the case of Commonwealth v. Braun, 88 D. & C. 257, where the court held that section 724 of The Game Law of June 3, 1937, P. L. 1225, if construed to limit the right to kill certain animals found to be destroying commercial crops to the persons owning and cultivating the crops, would be an unconstitutional deprivation of the right of a man to protect his life, home and property, as applied to a situation where the owners are unable to use firearms, and used their son to kill the animals. The court said, page 260:

". . . We further are of the opinion that this section of the law is unconstitutional in that it deprives a

man of the right to protect his life, home and property in what, under the circumstances in this case, was the most natural thing to do, when, being unable to protect himself, his home and his wife he called upon his son to assist him."

To the same effect is the case of Commonwealth v. Riggles, 39 D. & C. 188.

Defendant's motion to quash is overruled, but from a consideration of all of the believable testimony adduced at the hearing before the court, we are of the opinion that, although defendant did kill one of the homing pigeons belonging to Markell Retzer while that pigeon was at rest on the roof of the home of defendant, defendant was justified in killing the pigeon because it was the only way available to defendant to protect his property from further contamination. Although the pigeon in question did not have a band on it carrying the name of its owner, it did have a band on its leg carrying a certain number. We are not deciding this case on the basis of whether the pigeon carried a band showing the name of the owner, or did not carry such a band. We are deciding it solely on the proposition that if section 950 of The Penal Code of 1939 was intended to deprive an owner of property of the right to shoot a pigeon which is resting on his property and contaminating his water supply, that section is unconstitutional.

For the reasons stated we make the following

### Order

Now, November 5, 1956, after hearing on appeal, the appeal is sustained; defendant is adjudged to be not guilty, and it is ordered that any fine or costs paid by defendant on account of his summary conviction before the justice of the peace be returned to him; the costs of prosecution to be paid by the County of Beaver.